IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 DEC 28 AM 10: 42
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 28 1998

| | | |
|---|---|---|
| SANDY LONG, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-98-H-0213-NE |
| INTERGRAPH CORPORATION, | ) | |
| DEFENDANT/THIRD-PARTY PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| ACCENT HUMAN RESOURCES, INC. | ) | |
| THIRD-PARTY DEFENDANT. | | |

## MEMORANDUM OF DECISION

The Court has before it the October 22, 1998 motion of defendant Intergraph for summary judgment. Pursuant to the Court's October 26, 1998 order, the motion was deemed submitted, without oral argument, on November 23, 1998.

### I. Procedural History

Plaintiff Sandy Long commenced this action on January 29, 1998 by filing a complaint in this Court alleging that a co-employee at Intergraph had sexually harassed her and that, after complaining of the harassment, she was fired. Plaintiff contended that defendant's alleged conduct constitutes (1) sexual

52

harassment under Title VII; (2) retaliation under Title VII; (3) invasion of privacy under state law; (4) outrage under state law; (5) battery under state law; and (6) negligent supervision and retention under state law. Defendant's October 22, 1998 motion for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's claims. Plaintiff Sandy Long filed a memorandum in opposition to defendant's motion on November 18, 1998.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the

depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a

directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the

movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

Plaintiff Sandy Long was a temporary worker employed by defendant Intergraph through an employment agency, Accent Human Resources, Inc., from December 4, 1996 to April 23, 1997. (Thornton Aff.; Pl. Dep. at 87-88.)  In early January 1997, plaintiff's immediate supervisor, Christopher Ray, learned that a temporary worker, Fred Cowthorn, was making inappropriate sexual remarks to plaintiff.  (Pl. Dep. at 24, 30-32; Ray Dep. at 19-21.)  After interviewing plaintiff about Cowthorn, Ray released Cowthorn from any further work on Intergraph's premises.  (Pl. Dep. at 35-36; Ray Dep. at 19-20.)

Around late February 1997 plaintiff complained to Ray that

5

another temporary worker, Bill Westbrook, was sexually harassing her. (Pl. Dep. at 43, 60; Ray Dep. at 50-52.) Ray questioned Westbrook, who denied plaintiff's allegations. (Ray Dep. at 52, 58.) Ray separated the two workers, (Ray Dep. at 18, 100), and plaintiff experienced no further problems with Westbrook, (Pl. Dep. at 65, 67, 69-70).

During the last two months of plaintiff's tenure, Ray learned of several complaints involving plaintiff's ability to work with others. After plaintiff trained two coworkers from the second shift, the workers complained to Ray about plaintiff's conduct during the training session. (Ray Dep. at 25-26.) Plaintiff had frequent arguments with two other workers. (Pl. Dep. at 79-86; Ray Dep. at 95-96.) Several workers complained that plaintiff made too many personal phone calls. (Ray Dep. at 38, 48, 77-78.) During her last weeks, plaintiff increasingly left her work area during the day, and her job performance suffered. (Ray Dep. at 18, 28, 91-93, 107.)

On April 23, 1997, Intergraph released plaintiff. (Pl. Dep. at 87-88.) On that same day, Intergraph released two other temporary workers in the same department for problems getting along with coworkers. (Pl. Dep. at 92-93; Ray Decl.) One week later, Intergraph released a temporary worker in that same

department for fighting.  (Ray Decl.)

### IV. Applicable Substantive Law and Analysis

Plaintiff's complaint contains the following claims: (1) sexual harassment under Title VII; (2) retaliation under Title VII; (3) invasion of privacy under state law; (4) outrage under state law; (5) battery under state law; and (6) negligent supervision and retention under state law.  In her response to defendant's motion for summary judgment, plaintiff conceded all of her claims other than the retaliation claim under Title VII.[1]  Therefore, the Court need only address the second claim asserted in plaintiff's complaint.

In order to establish a prima facie case of retaliation, a plaintiff must show that (1) there was a statutorily protected participation, such as a claim of discrimination; (2) an adverse

---

[1] In the introductory section of her brief, plaintiff states: "After completing discovery in this matter it became apparent that this case is a retaliation case and that the other claims asserted herein are in fact not viable in light of Faragher v. Boca Raton, [118 S. Ct. 2275] (1998) and Burlington Industries v. Ellerth, [118 S. Ct. 2257] (1998)."  Those opinions were issued by the Supreme Court on June 26, 1998.  Instead of immediately notifying the Court of this controlling precedent, plaintiff conceded these claims on November 18, 1996, after discovery had been completed and defendant had filed a lengthy brief in support of summary judgment.  By failing to keep abreast of the current law, plaintiff has wasted the parties' resources in litigating what are now frivolous claims.

employment action occurred; and (3) there was a causal link between the participation and the adverse employment action. Bigge v. Albertsons, Inc., 894 F.2d 1497, 1501 (11th Cir. 1990) (per curiam). Once the plaintiff establishes a prima facie case, the employer must proffer a legitimate, nondiscriminatory reason for the adverse employment action. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997); EEOC v. Reichhold Chems., Inc., 988 F.2d 1564, 1571-72 (11th Cir. 1993). If the employer offers legitimate reasons for the action, the plaintiff must then demonstrate that the proffered explanation is a pretext for retaliation. Holifield, 115 F.3d at 1566. Plaintiff contends that her discharge was in retaliation for her complaints regarding sexual harassment.[2]

Defendant argues that plaintiff has failed to put forth sufficient evidence to show that her discharge was causally linked to her complaints of harassment. While the Court has

---

[2] In the complaint, plaintiff also contends that her overtime hours were reduced because of her complaints regarding sexual harassment. (Compl. ¶ 10.) However, plaintiff contradicted this allegation in her deposition. (Pl. Dep. at 26-27) (testifying that overtime hours fluctuated in connection with Intergraph's manufacturing schedule). Plaintiff apparently has conceded this claim when she failed to argue or produce evidence supporting this allegation in opposing defendant's motion for summary judgment.

serious doubts as to the merits of plaintiff's prima facie case, the causal link element of a retaliation claim only requires plaintiff to establish that the protected activity and adverse action were not completely unrelated. Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993). Plaintiff has produced evidence tending to show that her supervisor, Ray, knew of plaintiff's complaints regarding sexual harassment at the time he decided to discharge plaintiff. See generally Henson v. City of Dundee, 682 F.2d 897, 909 (11th Cir. 1982) (discussing vicarious liability under Title VII). Therefore, a genuine issue of material fact remains as to the causal link element, and a prima facie case of retaliatory discrimination is present.

In response to the prima facie showing, defendant has shown a legitimate, nondiscriminatory reason for the discharge: plaintiff's work performance and failure to get along with coworkers. During the last two months of plaintiff's tenure, Ray learned of several complaints by coworkers involving plaintiff's ability to work with others. (Ray Dep. at 25-26) (complaints regarding plaintiff's conduct during a training session); (Pl. Dep. at 79-86; Ray Dep. at 95-96) (frequent arguments with coworkers); (Ray Dep. at 38, 48, 77-78) (excessive personal phone calls). During her last weeks, plaintiff increasingly left her

work area during the day, and her job performance suffered. (Ray Dep. at 18, 28, 91-93, 107.)

Because defendant has produced substantial evidence of a nondiscriminatory motive, defendant has rebutted the presumption of discriminatory intent. Thus, plaintiff must produce sufficient evidence either (1) showing that in light of the evidence, discriminatory reasons more likely motivated the decision than the proffered reasons or (2) showing that the nondiscriminatory reason should not be believed. See Standard v. A.B.E.L. Servs., Inc., No. 97-9226, 1998 WL 834520, at *13 (11th Cir. Dec. 3, 1998) (citing Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996)). Plaintiff has done neither.

Plaintiff's only evidence of a retaliatory motive is the following statement made by Ray to plaintiff: "You can't even get along with Bill Westbrook," the second alleged harasser. This statement, alone, is not sufficient to support a finding that plaintiff's discharge was retaliatory. When plaintiff complained of harassment by Westbrook, Ray immediately rectified the situation by investigating her complaints and separating the two workers. (Ray Dep. at 18, 100; Pl. Dep. 65, 67, 69-70.) There is no evidence of any animosity on Ray's part based on plaintiff's complaints of sexual harassment by coworkers.

Plaintiff next attempts to discredit the proffered reason for her discharge. Although plaintiff does not dispute having problems with coworkers, she contends that a similarly situated coworker, Pam Dille, was not discharged. Without pointing to any supporting evidence, plaintiff asserts that Dille was also a temporary Intergraph employee who had difficulties getting along with coworkers. However, Dille's situation is not relevant to the case at bar: Dille was not supervised by the decision maker, Ray. (Ray Dep. at 116-17.) Indeed, the uncontroverted evidence demonstrates that Ray treated all temporary Intergraph employees under his supervision the same: On the same day that plaintiff was discharged, Intergraph released two other temporary workers in the same department for problems getting along with coworkers. (Pl. Dep. at 92-93; Ray Decl.) One week later, Intergraph released a temporary worker in that same department for fighting. (Ray Decl.) Plaintiff has failed to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable fact finder could find [all of those reasons] unworthy of credence." Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997), cert. denied, 118 S. Ct. 685 (1998) (citation and internal quotation marks

omitted). Because plaintiff has failed to meet her burden of production, defendant Intergraph is entitled to summary judgment as to the retaliation claim.

In summary, the Court finds that no material issues of fact remain and that defendant Intergraph is entitled to judgment as a matter of law as to all claims asserted by plaintiff. Plaintiff has conceded her state law and Title VII sexual harassment claims and has failed to argue or put forth evidence supporting her Title VII claim for retaliation based on a reduction of overtime hours. As to the Title VII retaliation claim based on plaintiff's termination, the uncontroverted evidence demonstrates that defendant had a lawful motive in discharging plaintiff. A separate order will be entered.

DONE this 28th day of December, 1998.

_____
SENIOR UNITED STATES DISTRICT JUDGE